October 26, 1979

## 79-78   MEMORANDUM OPINION FOR THE U.S. ATTORNEY, DISTRICT OF WYOMING

### Conflict of Interest—18 U.S.C. § 207— Applicability to Former Assistant U.S. Attorneys

This responds to your inquiry whether Messrs. Steven Munsinger, Harold Stuckey, or any member of their firm may lawfully represent the defendant in a Federal criminal matter pending in your district.

Your memorandum discloses that Mr. Munsinger was Chief of the Criminal Division and Mr. Stuckey the First Assistant U.S. Attorney in the office of the U.S. Attorney, District of Colorado, until May 4, 1979, when they resigned to form their law firm. Your question stems from the visit of a Federal Bureau of Investigation (FBI) agent to the U.S. Attorney's office in Denver on June 26, 1978, to report to Assistant U.S. Attorney Rodney Snow allegedly false statements made by one Mr. A in order to obtain loans from banks in Colorado, Wyoming, and Utah. It appears that Munsinger, who was Snow's immediate supervisor, was present at the conference between the agent and Snow but did not participate in the discussion, during which Snow decided that a prosecution could better be handled in the District of Wyoming. Supplementary information you furnished us by telephone on October 25, 1979, is to the effect that the FBI investigation of A had not been conducted at the instance or with the knowledge of the U.S. Attorney's office in Denver and that the investigation was unknown to Snow and Munsinger, or to Stuckey, who supervised both, before the appearance of the agent.

Because Stuckey and Munsinger resigned on May 4 of this year, the response to your inquiry is governed by 18 U.S.C. § 207 (1976), as it existed before the amendments to it enacted by the Government in Ethics Act of 1978 came into force on July 1, 1979. More particularly, the provisions of former § 207 relevant here are subsections (a) and (b).

For convenience I will discuss § 207(b) first. In general it precludes a former Government employee for one year after leaving office from representing anyone else in a particular matter, including a criminal

investigation or prosecution, that was within the area of his official responsibility, as defined in 18 U.S.C. § 202 (1976), at any time during the last year of his Government service. Since the agent's appearance in Snow's office occurred within a year before the resignations of Stuckey and Munsinger, the questions under § 207(b) is whether the investigative results the agent brought to Snow constituted a "particular matter * * * which was under [the] official responsibility" of either Munsinger or Stuckey.

As described in your memorandum, the agent's presentation covered three separate though apparently related matters—that is, it covered a series of alleged criminal violations in Colorado, another series in Wyoming, and a third in Utah. To the extent the agent supplied Snow with evidence of criminal activity by A in Colorado, he submitted for Snow's consideration a particular matter potentially within the jurisdiction of the U.S. Attorney in Denver. If Snow had pondered this matter for several days before making his decision not to prosecute in Denver, there can be no question that "official responsibility" on the part of Munsinger and of Stuckey would have arisen. Since, however, there is nothing in the statute to condition official responsibility on a passage of time, it is clear that it arose when the agent presented his information to Snow even though the latter made his negative decision immediately. Nevertheless, this conclusion does not dispose of the matter, because the presently pending case in Wyoming, although it may possibly involve some facts that would have been useful in a prosecution in Colorado, is a different matter—that is, it entails separate alleged violations occurring in Wyoming. Whatever officials may have had responsibility for the investigation there during the year preceding May 4, 1979, Stuckey and Munsinger were obviously not among them. Thus, they are not forbidden by § 207(b) to represent A in the District of Wyoming.

The remaining question is whether either Stuckey or Munsinger is barred from representing the defendant by § 207(a), which permanently prohibits postemployment representation of another by a former Government employee in a matter in which he had "participated personally and substantially" while holding his Government position. Stuckey is not subject to this prohibition since he was not present at the meeting between the agent and Snow. We are of the opinion that Munsinger is also free of the prohibition. His silence during the meeting is, of course, not in itself controlling because the tacit decision of a superior not to overrule a subordinate might in some circumstances constitute substantial participation in a matter. Here, however, even the role of Snow, the subordinate, did not amount to personal and substantial participation. We have previously concluded that merely acquiring preliminary knowledge of a matter but not thereafter taking part in the work of the Government relating to it does not constitute the degree of participation contemplated by the statute. Because Snow is beyond the thrust of § 207(a), it cannot reach Munsinger.

427

In sum, we are of the opinion that 18 U.S.C. § 207 is not an impediment to the representation of the defendant by Stuckey, Munsinger, or other members of their firm.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
